HORTON, Judge.
These two interlocutory appeals were consolidated by order of this court. Both of the appellants are local unions affiliated with the AFE-CIO and seek the reversal of orders granting temporary injunctions against them and denying their motions to dismiss the causes of action.
The appellees are engaged in preparing, selling and delivering ready-mix concrete to building contractors in Dade County. The truck drivers employed by appellees belong to the Teamsters Union, Local 290, the bargaining agent for the drivers. No labor dispute exists between the appellees and members of the labor union employed by the appellees. No demand or request had been made by appellants to bargain collectively for any employees of the appel-lees, nor were they the bargaining agent for any of such employees.
In Case #64-566, the complaint was that the appellant union had picketed with signs stating that the appellee Acme Concrete Corporation paid its engineer employees lower wages than those established in the area by the appellant union and that such picketing had resulted in work stoppages not only at the appellee’s place of business but at the establishment of some of its customers and was causing irreparable harm and damage. In Case #64-584, the appellees charged that the appellant union was engaged in picketing with a sign which claimed that the appellee was paying its employees substandard wages and that such picketing was causing work stoppage in union crafts employed by the appellees who refused to cross the picket line. There was no allegation in either case of violence, mass picketing or overt acts of coercion accompanying the picketing.
Upon a hearing in Case #64-566 on the appellees’ request for a temporary injunction and the appellant’s motion to dismiss-for lack of jurisdiction over the subject matter, the court granted a temporary injunction enjoining the appellant and its-members from picketing the business establishments of the appellees as well as their customers and denied the appellant’s motion' to dismiss the complaint. Almost immediately after the rendition of this injunction,, the appellees’ places of business as well as-those of its. customers were picketed by members of the appellant’s union identified' in appeal #64-584. A second bill of complaint was then filed by the appellees seeking-the same relief as was accorded them in-appeal #64-566. A motion to dismiss by the appellant union was filed and after a hearing on a request for temporary injunction and the appellant’s motion to dismiss, the chancellor in that case concluded as did the chancellor in the former case, that the appellants should be and were enjoined *699 -from further picketing. The motion to ■¡dismiss was denied.
The primary contention in both appeals is the lack of jurisdiction of the Circuit ■Court of Dade County over the subject matter encompassed in the two bills of -complaint. We are not faced here with determining whether or not the businesses • of the appellees affect interstate commerce for the parties have stipulated that the •appellees’ businesses do affect interstate commerce. It is true, as the appellees argue, •that no labor dispute exists between the ■ appellee employers and its employees. Consequently no labor dispute could exist be- ■ tween the appellees and the appellant unions. The unions are not the bargaining agents for nor do they have the right to represent ■the employees of the appellees.
This court in Wood, Wire & Metal Lathers International Union, Local No. 345 v. Babcock Co., Fla.App.1961, 132 So.2d 16, followed the rule laid down by the Supreme Court of the United States in San Diego Building Trades Council, etc. v. Garmon, 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775, wherein it was held that a state court could not enjoin peaceful picketing where it was •arguable that the activities complained of were within the purview of the Labor 'Management Relations Act (NLRA).
We conclude that the actions of the members of the appellant unions are protected •or at least they are activities that are •arguably within the purview of the Act ■and therefore pre-empted from state court .jurisdiction. This conclusion is further ■buttressed by the decision of the Supreme Court of the United States in Liner v. Jafco, Inc., 375 U.S. 301, 84 S.Ct. 391, 11 L.Ed.2d 347. In the Liner case, a labor union picketed a construction site in Tennessee to protest the payment by the owners’ general contractor of wages lower than the union scale. An injunction was .■granted against the picketing by a Tennessee chancery court and a motion to dismiss and dissolve the injunction was filed on behalf of the labor union on the grounds that the state court was without jurisdiction. The motion to dismiss and dissolve the injunction was denied by the state court on the grounds that there was no bona fide labor dispute between the parties and consequently the state court’s jurisdiction was not pre-empted by the National Labor Relations Board. A permanent injunction was affirmed by a court of appeals of Tennessee. The Supreme Court of Tennessee denied certiorari, but on certiorari to the Supreme Court of the United States, the judgment of the Tennessee Court of Appeals was reversed. The single picket placed by the labor union in the Liner case at the construction site protested the fact that the contractor and owner was not paying union wages and was not under contract with the Building Trades Council of Chattanooga, Tennessee. In concluding that the activities involved came within the exclusive purview of the National Labor Relations Board, the court, in footnote 6 of its opinion in 84 S.Ct. 396, stated:
“The term ‘labor dispute’ includes any controversy concerning terms, tenure or conditions of employment, or concerning the association or representation of persons in negotiating, fixing, maintaining, changing, or seeking to arrange terms or conditions of employment, regardless of whether the disputants stand in the proximate relation of employer and employee.’’ [Emphasis supplied.]
We conclude, upon the authority of our decision in Wood, Wire & Metal Lathers International Union, etc. v. Babcock Co., supra; San Diego Building Trades Council, etc. v. Garmon, supra; and Liner v. Jafco, Inc., supra, that the activities of the appellants’ members in the circumstances depicted by the bills of complaint filed in these two causes of action were such that they are arguably within the provisions of the National Labor Relations Act, and consequently the jurisdiction of the state courts has been pre-empted to the extent that the exclusive jurisdiction to consider and deter *700 mine such matters is now in the National Labor Relations Board.
Accordingly, the orders appealed are reversed and the causes are remanded with directions to dismiss the bills of complaint.
Reversed and remanded with directions.